UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS JEROME BYRD,

    Petitioner,

v.

CATHERINE S. BAUMAN,

    Respondent.

Case No. 15-13528
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY [6]**

Petitioner Curtis Jerome Byrd, a Michigan prisoner, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1, Pet.) Byrd challenges his state-court convictions, including first-degree felony murder, Mich. Comp. Laws § 750.316(b), assault with intent to rob while armed, Mich. Comp. Laws § 750.89, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.

In a motion filed on May 18, 2016, Byrd—who is represented by counsel—asked the Court to hold his habeas petition in abeyance. (Dkt. 6, Pet.'s Mot.) He wishes to return to state court to exhaust additional claims. For the reasons that follow, the Court will deny the request.

**I.**

In its opinion and order affirming Byrd's convictions, the Michigan Court of Appeals described the events giving rise to this case as follows:

> Defendant's convictions arise from the shooting death of Richard Joiner during an attempted robbery at a bank automated teller machine (ATM). Defendant and his codefendant, Charletta Atkinson, drove to the bank intending to rob someone. Defendant was armed with a gun. After they arrived at the bank, Atkinson took the gun from defendant and got out of the car. She confronted Joiner, cocked the gun, and demanded his money. Joiner grabbed the gun, and he and Atkinson fought for control over the gun as Joiner tried to get inside his car. During the

> struggle, the gun discharged and Joiner was fatally shot in the head. Atkinson returned to her vehicle, and defendant drove away.

*People v. Byrd*, No. 301322, 2012 WL 1649788, at *1 (Mich. Ct. App. May 10, 2012).

After pursing direct appeals and post-conviction relief in the state courts without success, Byrd filed a petition for a writ of habeas corpus with this Court through his (then) counsel.

Byrd's petition raises three claims. First, Byrd maintains that his trial counsel was ineffective for failing to request an instruction that accident is a defense to felony murder. (Pet. Ex. B, Grounds for Relief at 2–3.) Byrd raised this issue in his direct appeal but not in his state-court post-conviction relief. (*Id.* at 3.) Second, Byrd argues that aspects of the prosecutor's closing argument deprived him of a fair trial. (*Id.* at 4.) Similar to his first claim, Byrd raised this issue in his direct appeal but not in his state-court post-conviction relief. (*Id.* at 6.) Third, Byrd claims that his trial counsel was ineffective by providing erroneous legal advice on the law of aiding and abetting. (*Id.* at 6–7.) Unlike the first two claims, Byrd did not raise this issue in his direct appeal but did raise it in his state-court post-conviction relief. (*Id.* at 11.)

Several months after Byrd filed his petition, he obtained a new attorney. (Dkt. 4.) Through his new counsel, Byrd then filed a "Motion for Enlargement of Time to Stay Habeas Corpus Petition and Administratively Close the Case." Byrd maintains that he now has six new unexhausted ways to attack his conviction in state court: (1) "functional denial of counsel"; (2) "the fact that the government took advantage of his emotional disabilities"; (3) "actual innocence"; (4) "government (police/prosecution) misconduct"; (5) "lack of proof beyond a reasonable doubt"; (6) and "[a] jurisdictional challenge." (Pet.'s Mot., at 1–2.)

## II.

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson*, 139 F. 3d 491, 493 (5th

Cir. 1998) (per curiam). This is so even for a fully exhausted federal habeas petition. *See Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F. 3d 69, 83 (1st Cir. 2002)).

In many instances though, the outright dismissal of a habeas petition to allow a petitioner to exhaust state remedies might result in a time-bar when the petitioner returns to federal court due to the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1); *see also Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). In this case, AEDPA's one-year statute of limitations does pose a problem for Byrd. In fact, he openly admits in his petition that he filed it after the statute of limitations expired. (Pet. at 15.) More months have passed since that filing. And there is no statutory tolling while a habeas petition is pending before a federal court, *Duncan v. Walker*, 533 U.S. 167, 173 (2001), and as Respondent has noted in her currently pending motion to dismiss on statute of limitations grounds (*see* Dkt. 7), equitable tolling is only available in extraordinary circumstances, *Holland v. Florida*, 560 U.S. 631, 649 (2010).

The Supreme Court has addressed the procedure by which a district court may stay a "mixed" petition (one that consists of both exhausted and unexhausted claims). *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005) ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims . . . [E]ven if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his claims are plainly meritless. . . . And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a

stay at all."). But *Rhines* is not directly applicable to Byrd's situation, as his current habeas petition appears to contain only exhausted claims.

> In evaluating a similar motion, this Court recently concluded:
>
> [W]here, as here, a habeas petition contains only exhausted claims, and the petitioner seeks to stay the petition so that he can return to state court on unexhausted claims not yet part of the petition, the Court believes that its discretion to stay the petition is informed both by the potential for parallel federal habeas and state post-conviction proceedings and *Rhines*. Chief among these considerations is the apparent merit of the unexhausted and exhausted claims, and, relatedly, whether this Court would benefit from a state-court ruling on the unexhausted claims. . . . But *Rhines* 'good cause' requirement is not irrelevant: the Court is less likely to find parallel-litigation unfairly prejudicial to a habeas petitioner if the petitioner lacks a good reason for having created that potential in the first place.

*Thomas v. Stoddard*, 89 F. Supp. 3d 937, 942–43 (E.D. Mich. 2015); *see also Armour v. MacLaren*, No. 15-10753, 2015 WL 9918195, at *1 (E.D. Mich. Dec. 4, 2015).

With these principles in mind, the Court finds that a stay would be inappropriate in these circumstances. For one, Byrd—though represented by an attorney—has failed to provide good cause for excusing him from failing to present his new claims to a Michigan court before seeking a writ of habeas corpus from this one. His brief makes no argument to that effect. Further, based on the information currently before the Court, the Court is hard pressed to find that Byrd's unexhausted claims are anything but "plainly meritless." Byrd's brief suggests that his new grounds for relief are in an attached petition (Pet.'s Mot. at 2), but that attachment appears nowhere on the docket. Additionally, Byrd's counsel attached several exhibits to his motion purporting to be affidavits, but the exhibits contain only a cover page. Thus, all that the Court is left with are conclusory statements of the six claims Byrd intends to raise. For example, Byrd says this for one of his new claims: "A jurisdictional challenge is also made." (Pet.'s Mot. at 2.) This is not enough to justify staying this case and holding it in abeyance.

4

**III.**

Accordingly, Petitioner's Motion for Enlargement of Time to Stay Habeas Corpus Petition and Administratively Close Case (Dkt. 6) is DENIED.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: June 15, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 15, 2016.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson